AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the

Southern _____ District of _____ Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:  1:20-cr-00005-TWP-DML |
| Anthony Gaston | ) |
| | ) USM No:  17348-028 |
| Date of Original Judgment:    12/17/2020 | ) |
| Date of Previous Amended Judgment: | ) Jacob Leon |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ 63 _____ months **is reduced to** _____ 57 _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ 12/17/2020 _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: _____ 7/27/2026 _____

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*    _____
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00005-TWP-DML |
| | ) | |
| ANTHONY GASTON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## <u>GRANTING MOTION FOR REDUCTION OF SENTENCE</u>

This matter is before the Court on Defendant Anthony Gaston's ("Gaston") Amendment 821 Motion filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 110) and Motion Requesting Status of Case (Dkt. 147). Gaston was convicted of Count 1: Interference with Commerce by Robbery and Count 2: Brandishing a Firearm During a Crime of Violence. He received a sentence of 63 months on Count 1 and 84 months on Count 2, to be served consecutively for a total of 147 months imprisonment. (Dkt. 92 at 2). Gaston seeks a reduction of his sentence pursuant to Amendment 821 and asks the Court to reduce his sentence to 57 months on Count 1 and a consecutive 84-month sentence on Count 2 for a total of 141 months imprisonment (Dkt. 110). Plaintiff United States of America (the "Government") filed a Response in Opposition, in which it argues the Court should deny discretionary relief because "a lesser sentence  would not adequately address the need for deterrence, incapacitation, and public protection, the overall serious nature of his offense, and [Gaston's] personal history and characteristics." (Dkt. 124 at 2).

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible

for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828–29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

The Government agrees that Gaston is eligible under the *Dillon* factors, but argues that considering the under § 3553(a) factors, a sentence reduction should be denied. (Dkt. 124). Having considered the arguments of both counsels (Dkts. 110, 124, 145, 146), the Court finds that Gaston's Amendment 821 Motion, Dkt. [110]  should be **GRANTED**. Gaston's sentence on Count 1 is reduced from 63 months to 57 months imprisonment, and all other factors of the sentence remain the same. The United States Probation Office is directed to prepare an amended judgment.

In addition, Gaston's *pro se* Motion Requesting Status of Case, Dkt. [147] is **GRANTED** to the extent this order provides a status update.

**IT IS SO ORDERED.**

Date:   7/27/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Colin Clark
DOJ-USAO
Colin.Clark@usdoj.gov

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

2

Lindsay E. Karwoski
DOJ-USAO
lindsay.karwoski@usdoj.gov

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org

Electronic Notice to USPO

Anthony Gaston
Register Number: 17348-028
FCI McKean
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 8000
BRADFORD, PA   16701